# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BONNIE LEE DAVIS, :
    Plaintiff : Action No. 3:14-CV-2236
  :
v. :
  : (Judge Nealon)
CAROLYN W. COLVIN, : (Magistrate Judge Mehalchick)
Acting Commissioner of Social Security, :
    Defendant :

## MEMORANDUM

FILED
SCRANTON

FEB - 2 2016

PER _____
DEPUTY CLERK

### Background

On November 24, 2014, Plaintiff, Bonnie Lee Davis, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On February 25, 2015, Defendant filed an Answer and Transcript. (Docs. 7 and 8). On April 2, 2015, Plaintiff filed a brief in support of her complaint. (Doc. 9). On May 7, 2015, Defendant filed a brief in opposition. (Doc. 11). On May 29, 2015, Plaintiff filed a reply brief. (Doc. 12). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Karoline Mehalchick on January 13, 2016, recommending that the appeal be denied and the decision of the Commissioner be affirmed. (Doc. 15). Neither

party has objected to the R&R, and it is now ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

## Discussion

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence supports the administrative law

judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled. (Doc. 15, pp. 5-7). The Magistrate Judge thoroughly reviews the medical records and the ALJ's decision, and determines that: (1) Plaintiff's inability to engage in past relevant work, without more, did not entitle her to benefits under the Social Security Act because the vocational expert ("VE") identified three (3) jobs that Plaintiff could perform given her residual functional capacity ("RFC"); and (2) remand was not warranted on the basis of new evidence submitted after the ALJ rendered the decision because:

> the profered evidence was not material to the ultimate question at issue in [Plaintiff's] case, i.e., whether Plaintiff was disabled from September 11, 2010 to March 22, 2013. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Szubak, 745 F.2d at 833. All of the "new" evidence Plaintiff has submitted post-dates ALJ Hardiman's decision by at least one year. Although Plaintiff attempts to tie in this new evidence by attributing all of her prior symptoms to her newly diagnosed condition, a fact which is not corroborated by the proffered evidence, she simply has failed to demonstrate that the frequency and severity of the symptoms identified in this new evidence were present during the period at issue. As such, the proffered evidence is not "material" to the relevant period at issue - from September 11, 2010 through March 22,

> 2013 - and instead illustrates further deterioration due to her pre-existing but undiagnosed impairment. While this evidence might be persuasive when reviewed in connection with a new application for benefits, it does not constitute a basis for remand of the Commissioner's final decision denying the applications for benefits associated with the instant matter.

(Doc. 15, pp. 13-18).

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Mehalchick's R&R will be adopted. As such, Plaintiff's appeal will be denied and the decision of the Commissioner will be affirmed as it is supported by substantial evidence.

A separate Order will be entered.

**Date:** February 2, 2016

/s/ William J. Nealon
**United States District Judge**